43 F.3d 1482
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jhanzeib DEAN, Plaintiff-Appellant,
v.
INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE
WORKERS, Dist. Lodge 86 Intl Association of Machinists and
Aerospace Workers; Ray Rivera, Directing Business
Representative, Defendants-Appellees.
 Nos. 93-1265, 94-1241.
 United States Court of Appeals, Tenth Circuit.
 Dec. 21, 1994.
 
 ORDER AND JUDGMENT[1]
 Before SEYMOUR, Chief Judge, MCKAY, and BALDOCK, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiff Jhanzeib Dean appeals the district court's grant of summary judgment in favor of defendants. We affirm.
 
 
 3
 Mr. Dean was terminated by Cummins Power, Inc. after thirteen years employment. The stated reason was absenteeism. Mr. Dean had been previously notified that if he was again late or absent from work for any reason without prior written approval he would be terminated. Mr. Dean claimed his absences were excused and filed a grievance with defendant union. The union represented him at the grievance meeting, at which time the company refused to reinstate him or to suspend him rather than discharge him.
 
 
 4
 Mr. Dean's next step was arbitration. At a meeting which Mr. Dean was unable to attend due to a job interview in another state, the union delegates voted not to take Mr. Dean's grievance to arbitration. Mr. Dean filed this action asserting that the union breached its duty of fair representation. After discovery, the union filed a motion for summary judgment, which the district court granted.
 
 
 5
 On appeal, Mr. Dean contends the district court erred in dismissing his claim for breach of the duty of fair representation by making factual determinations on disputed issues of fact and by determining as a matter of law that the facts do not rise to the level of arbitrariness necessary to support the claim. As Mr. Dean concedes, the standard of arbitrariness required to support a claim for breach of the duty of fair representation is high: "[A] union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' as to be irrational." Air Line Pilots Ass'n, Intern. v. O'Neill, 499 U.S. 65, 67 (1991) (citation omitted). We have carefully reviewed the entire record on appeal and have considered the arguments put forth by Mr. Dean in his brief on appeal. We agree with the district court that, as a matter of law, the record Mr. Dean has made does not meet that high standard. Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470